UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| CEARA LYNN STURGIS,<br><br>Plaintiff,<br><br>v.<br><br>COPIAH COUNTY SCHOOL DISTRICT;<br>RICKEY CLOPTON, the Superintendent of<br>Copiah County School District; and<br>RONALD GREER, the Principal of Wesson<br>Attendance Center,<br><br>Defendants. | CIVIL ACTION<br>NO.: 3:10-cv-455 |

## FIRST AMENDED COMPLAINT

Plaintiff CEARA LYNN STURGIS, through her undersigned counsel, sues Defendants COPIAH COUNTY SCHOOL DISTRICT; RICKEY CLOPTON, in his official capacity as the Superintendent of Copiah County School District; and RONALD GREER, in his official capacity as the Principal of Wesson Attendance Center. By this First Amended Complaint, she seeks damages and costs and attorneys' fees for the unlawful actions of Defendants set forth below.

## NATURE OF THE ACTION

1. This is a sex discrimination civil rights case on behalf of Plaintiff Ceara Lynn Sturgis ("Ceara" or "Plaintiff"), who is a 2010 graduate of the Wesson Attendance Center ("Wesson"), a K-12 school within the Copiah County School District (the "District"). Ceara was a student at Wesson for thirteen years, and active in many school activities, including the school band; the school soccer, softball, and basketball teams; and in the Students Against Destructive Decisions club. She also excelled academically

at Wesson, graduating with high honors and as a member of the National Honor Society. This fall, Ceara will begin her undergraduate studies at Mississippi State University.

    2.    At school and at home, Ceara wears clothing that is traditionally associated with the male gender, such as t-shirts and cargo shorts.  Similarly, for formal occasions, Ceara wears dress shirts, slacks, and often, neckties.  Although Ceara identifies as a female, she feels deeply uncomfortable in clothing such as dresses, blouses, and skirts that are traditionally associated with the female gender.

    3.    By this Amended Complaint, Plaintiff challenges Defendants' discrimination against her on the basis of sex and on the basis of sex stereotypes, a form of unlawful sex discrimination.  Specifically, she challenges Defendants' policy that allows male students, but not female students, to wear tuxedos for their senior yearbook portraits.  Instead, female students are required to wear a scoop-necked "drape," a curtain-like garment that causes the female students to look as if they are wearing a dress or blouse.

    4.    Because she did not comply with Defendants' unlawful policy, Defendants barred Ceara from appearing in the senior portrait section of the 2010 Wesson yearbook.

    5.    Defendants' policy constitutes discrimination on the basis of sex and sex stereotypes prohibited by Title IX of the Educational Amendment of 1972, 20 U.S.C. § 1681 *et. seq.*, and the Equal Protection clause of the United States Constitution.

    6.    Prior to bringing this lawsuit, Ceara and her mother diligently attempted to informally resolve these issues with Defendants, including meeting with Defendant Greer and by written request to all Defendants.  Plaintiff's efforts were unsuccessful.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

8. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to Plaintiff's claims occurred in Wesson, Mississippi, which is within the Southern District of Mississippi, Jackson Division.

## PARTIES

9. Plaintiff Ceara Lynn Sturgis was at all relevant times to this Amended Complaint, a student at Wesson Attendance Center. She is eighteen years old.

10. Defendant Copiah County School District is a school district operating in Mississippi under color of state law and is located in Copiah County, Mississippi. It receives Federal financial assistance, including but not limited to funds from the United States Department of Education ("ED") and the United States Department of Agriculture ("USDA"). It may be served with process through its superintendent, Rickey Clopton, at Copiah County School District, 254 West Gallatin Street, Hazlehurst, Mississippi 39083.

11. Defendant Rickey Clopton is, and was at all times relevant to this Amended Complaint, the Superintendent of Copiah County School District. Pursuant to Mississippi Code of 1972, § 37-9-69, he has the responsibility of, *inter alia*, enforcing school rules, regulations, and policies. He may be served with process at Copiah County School District, 254 West Gallatin Street, Hazlehurst, Mississippi 39083.

12. Defendant Ronald Greer is, and was at all times relevant to this Amended Complaint, the Principal of Wesson Attendance Center. Pursuant to Mississippi Code of 1972, § 37-9-69, he has the responsibility of, *inter alia*, enforcing school rules, regulations, and policies. He may be served with process at Copiah County School District, 254 West Gallatin Street, Hazlehurst, Mississippi 39083.

13. At all times relevant to this Amended Complaint, Defendants were acting under the color of law.

## FACTS GIVING RISE TO THIS ACTION

14. Plaintiff Ceara Lynn Sturgis is a 2010 graduate of the Wesson Attendance Center, a K-12 public school in Mississippi. She attended Wesson for her entire K-12 education.

15. Ceara wears "masculine" clothing in every aspect of her life, including at school, at home, and at social events. She also wears her hair short in a style popular among teenage boys. Ceara identifies as a female, but feels deeply uncomfortable in clothing traditionally associated exclusively with the female gender. By choice, Ceara consistently does not wear dresses or other "feminine" clothing.

16. As a student at Wesson, Ceara was generally well-liked among her classmates and teachers. She was an active member of her school community and participated in many extracurricular activities, including band, the soccer team, the softball team, the basketball team, and the Students Against Destructive Decisions club. Ceara excelled in academics as well. She graduated with a grade point average of approximately 3.9 and was a member of the National Honor Society.

17. From ninth grade until she graduated, Ceara consistently wore unisex clothing or "masculine" clothing to school. Prior to the events leading to this Amended Complaint, Ceara does not recall her dress or appearance being a cause of conflict with her classmates or with school officials.

18. Wesson has a dress code.

19. The dress code does not contain gender-based requirements for student dress. *See* Wesson Attendance Center Dress Code from the 2010 Student Handbook, relevant pages attached hereto as Exhibit A.

20. In the summer of 2009, Ceara sought to have her photo taken for her senior yearbook portrait. As with most high school students, the school yearbook is a meaningful and irreplaceable commemoration of Ceara's school experience and memories, to be shared with future generations of family and friends. Because she was graduating, the significance of the 2010 Wesson yearbook was especially great to Ceara since it was the last opportunity to capture her memories of her high school experience.

21. Ceara was informed that Wesson students were required to wear formal clothing in their senior portraits, and that male students were permitted to wear tuxedos but not female students. At the photography studio, Ceara tried on the scoop-necked drape that female students were required to wear, but immediately felt deeply uncomfortable when she put it on. The thought of a portrait of her in the "feminine" clothing as a representation of her senior year embarrassed her, and she began crying.

22. While she was crying, Ceara asked her mother to inquire of the photographer's assistant whether Ceara could instead wear a tuxedo. Her mother asked the assistant, who said yes. Ceara put on a tuxedo, which made her feel immediately

5

relieved.  The photographer took a photo of Ceara in the tuxedo, a copy of which is attached hereto as Exhibit B.

23.     On or about the first day of school, Ceara's mother went to Wesson and spoke to Defendant Greer about whether the school would allow the portrait of Ceara in a tuxedo, as opposed to a scoop-necked drape, in the yearbook.  Defendant Greer responded no and stated, "Tuxes for boys, drapes for girls."

24.     Ceara's mother then spoke with Assistant Superintendent Robert Holloway about Defendant Greer's decision.  Assistant Superintendent Holloway stated that there was not any reason why Ceara could not wear a tuxedo for her senior portrait since there was not any District rule prohibiting such dress.  He told Ceara's mother to have the picture of her daughter in the tuxedo sent to Wesson for inclusion in the yearbook.

25.     Ceara's mother then went to the photography studio to provide it with the proof number of the photo of Ceara in a tuxedo that Ceara wished to be published in the yearbook.

26.     The day that the yearbook photos were due at the school, an employee from the District called Ceara's mother and told her that the District had spoken with its lawyers and that the District would not allow Ceara's photo in the yearbook.  Ceara's mother then went to Wesson to speak with Defendant Greer to ask him to reconsider his decision.  Defendant Greer refused to do so.

27.     By letter dated October 13, 2009, Ceara and her mother, through counsel, submitted a written request to all Defendants requesting that Defendants allow the portrait of Ceara in a tuxedo to be published in the school yearbook, challenging

Defendant Greer's policy as impermissible sex discrimination.  By letter dated October 16, 2010, Defendants, through counsel, denied Plaintiff's request.

28.     In the spring of 2010, Ceara received her copy of the 2010 Wesson yearbook.  Neither her name nor her photo appeared in the yearbook's senior portrait section.  When Ceara saw that she had been excluded from the senior portrait section, she became extremely upset.

**COUNT I: TITLE IX OF THE EDUCATIONAL AMENDMENTS OF 1972**
Violation of 20 U.S.C. § 1681 *et seq.*,
(Against Defendant Copiah County School District)

29.     Plaintiff realleges and incorporates by reference all of the preceding paragraphs in this Amended Complaint.

30.     Title IX of the Educational Amendments of 1972 states in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . ."

31.     The regulations promulgated by the United States Department of Education ("ED") and the United States Department of Agriculture ("USDA") implementing Title IX specifically prohibit recipients of Federal financial assistance from, on the basis of sex, "[t]reat[ing] one person differently from another in determining whether such person satisfies any requirement or condition for the provision of such aid, benefit, or service;" 34 C.F.R. § 106.31(b)(1); 7 C.F.R. § 15a.31(b)(1); "[s]ubject[ing] any person to separate or different rules of behavior, sanctions, or other treatment;" 34 C.F.R. § 106.31(b)(4); 7 C.F.R. § 15a.31(b)(4); or from "[o]therwise limit[ing] any person in the enjoyment of any right, privilege, advantage, or opportunity." 34 C.F.R. § 106.31(b)(7); 7 C.F.R. § 15a.31(b)(8).  The USDA regulations implementing Title IX

further specifically prohibit, on the basis of sex, "discriminat[ion] against any person in the application of any rules of appearance."  7 C.F.R. § 15a.31(b)(5).

32.	Defendant Copiah County School District receives Federal financial assistance, including but not limited to funds from the ED and USDA.

33.	Defendant Copiah County School District's policy and actions set forth above constitute discrimination on the basis of sex and sex stereotypes in violation of Title IX and its implementing regulations.  *See, e.g.,* 34 C.F.R. § 106.31(b)(1), (b)(4), (b)(7); 7 C.F.R. § 15a.31(b)(1), (b)(4), (b)(5), (b)(8).

34.	Plaintiff Sturgis was subjected to impermissible discrimination on the basis of sex because as a female, she was not permitted to wear a tuxedo in her yearbook portrait.  In contrast, male students were permitted to wear a tuxedo.

35.	Plaintiff Sturgis was subjected to impermissible discrimination on the basis of sex stereotypes, a form of unlawful sex discrimination.  Defendant's policy and actions are premised on stereotypes about what constitutes proper clothing for each gender.  Defendant's policy requiring, without exception, that female students appear in the scoop-necked drape for their senior portrait reflects the impermissible sex stereotype that women must wear "feminine" clothing.  The policy further reflects the impermissible sex stereotype that it is improper for women to appear in "masculine" clothing, such as a tuxedo.

36.	Plaintiff has been injured as a result of Defendant Copiah County School District's policy and actions.

### COUNT II: EQUAL PROTECTION
Violation of Fourteenth Amendment
(Against All Defendants, 42 U.S.C. §1983)

37. Plaintiff realleges and incorporates by reference all of the preceding paragraphs in this Amended Complaint.

38. Defendant Copiah County School District and Defendants Clopton and Greer are liable pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, for promulgating, implementing, ratifying, and/or enforcing rules and acts that deprived Plaintiff of her right to equal protection under the law.

39. Defendants' policy and actions set forth above constitute impermissible discrimination on the basis of sex and sex stereotypes in violation of Plaintiff's right to equal protection under the law.

40. Defendants cannot demonstrate any legitimate government interest, much less an exceedingly persuasive justification, for their unlawful policy and actions.

41. Plaintiff has been injured as a result of Defendant Copiah County School District's policy and actions.

42. At all times, Defendants have acted under color of law.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays for the following relief:

1. Damages in an amount to be proven at trial;

2. Reasonable attorneys' fees and costs; and

3. Any other relief to which Plaintiff may be entitled.

DATED: August 20, 2010

Respectfully submitted,

/s Bear Atwood
Bear Atwood
Acting Legal Director
American Civil Liberties Union of Mississippi
P.O. Box 2242
Jackson, MS 39225
(601) 354-3408
Fax: (601) 355-6465
bearatwood@aclu-ms.org

Christine P. Sun*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2661
Fax:  (212) 549-2650
csun@aclu.org

Norman C. Simon*
Joshua Glick*
Jason Moff*
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
Fax:  (212) 715-8000
nsimon@kramerlevin.com
jglick@kramerlevin.com
jmoff@kramerlevin.com

*Pro Hac Vice Motion to Follow

Attorneys for Plaintiff