UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



FILED
02 JUN 19 AM 10: 40
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

NICOLE YOUNGBLOOD, by and through her
next friend, SONIA YOUNGBLOOD

Plaintiff,

v.

School Board of Hillsborough County, Florida;
School District of Hillsborough County, Florida;
Dr. Kevin McCarthy, Principal of Robinson
High School, in both his individual and official
Capacity; and Mr. David Fyfe, Vice Principal of
Robinson High School, in both his individual
and official capacity

Defendants.
_____/

Case No.:

8:02-CV-1089-T-24MAP

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff Nicole Youngblood, a minor, by and through her next friend and mother Sonia Youngblood states:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1343 because the matter arises under the Constitution and laws of the United States. This Court has supplemental jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue of this action is proper in the Middle District of Florida because the defendants conduct business in such district and all of the discriminatory acts complained of in this action occurred in such district.



EXHIBIT
1

## Introduction

3. This is a civil rights action requesting damages from the School District of Hillsborough County and its governing board, agents, and employees, including Dr. Kevin McCarthy and Mr. David Fyfe in both their individual and official capacity, (collectively "Defendants") for depriving Plaintiff, a former student of Robinson High School, of established constitutional and statutory rights because of her sex.

4. Plaintiff Nicole Youngblood (Nicole) is seventeen-years-old.

5. Nicole attended Robinson High School until she graduated in December 2001.

6. Defendants created a discriminatory dress code policy for senior portraits based on stereotypes of how they believe males and females should dress.

7. Robinson High School has a policy or custom of having two sets of appropriate attire for senior portraits: girls are required to wear a velvet-like, ruffly, scoop neck drape; boys are required to wear a white shirt, tie, and dark jacket.

8. From a very young age, Nicole has not conformed to gender stereotypes about how girls are supposed to look and behave. In particular, Nicole has not worn a dress, skirt, or other traditionally feminine clothing since she was in first or second grade.

9. Nicole and her mother informed Defendants that Nicole was unwilling to wear stereotypically feminine attire and that forcing her to do so would be emotionally damaging to her. Despite this knowledge, Defendants would not let Nicole have her senior portrait taken unless she agreed to wear a frilly drape.

10. Defendants, through their agent Bryn Allen Studios, prohibited Nicole from having her official senior yearbook portrait wearing a shirt, tie, and jacket solely

2

because she is female and because Defendants believe that females should wear stereotypically feminine attire.

11. This action challenges Defendants' custom, practice, and policy of denying Plaintiff her rights under Title IX of the Education Acts, the Florida Educational Equity Act, and the First and Fourteenth Amendment of the U.S. Constitution and Article I, §§ 2 and 4 of the Florida Constitution, and 42 U.S.C. §1983.

**Parties**

12. Plaintiff Nicole Youngblood is seventeen years old.

13. Plaintiff's next friend, Sonia Youngblood, is Nicole's mother.

14. At all relevant times, Nicole was a student attending school in the Hillsborough County School District.

15. Defendant School Board of Hillsborough County ("School Board") is the governing board or agency of the Hillsborough County School District ("HCSD"). The School Board is a body corporate under Florida law that is amendable to suit for the policies of the District. Fla. Stat. § 230.2. School Board members are officers of the state system of public education. Fla. Stat., § 228.041(8)

16. Defendant HCSD is a public school district created and existing pursuant to s. 4, Art. IX of the Florida Constitution. Fla. Stat., § 228.041(3) HCSD controls and operates Robinson High School. A portion of the funding for this school comes from the state and federal governments.

17. Robinson High School is part of the Hillsborough County School District.

18. Defendants Dr. Kevin McCarthy (Dr. McCarthy), Robinson High School Principal, and David Fyfe (Mr. Fyfe), Robinson High School Vice Principal, are or were

at all relevant times individuals working as employees, agents, and supervisors of HCSD. Dr. McCarthy and Mr. Fyfe are Administrative Personnel of the HCSD who perform management activities such as developing broad policies for the HCSD and executing those policies. Fla. Stat., § 228.041(10) (Defendants listed in this paragraph may also be referred to as the "Individual Defendants"). Unless otherwise noted, the Individual Defendants are being sued in their individual and official capacities.

19. At all relevant times, the Individual Defendants were acting under color of state law.

20. Defendants were responsible for creating and maintaining an educational environment free from discrimination. Defendants were also responsible for making policy and/or implementing anti-discrimination laws and policies.

21. The Individual Defendants' decision with respect to Nicole's senior yearbook portrait constituted the policy of the HCSD.

22. The School Board and/or its employees or agents endorsed the position asserted with respect to Nicole's senior yearbook portrait.

### Factual Allegations

23. When Nicole and her mother Sonia arrived at Bryn-Alan Photography, the photography studio with which Robinson High School contracted for senior portraits, a Bryn-Alan employee informed them that its contract with the school required them to require all females to wear the drape.

24. Sonia Youngblood explained to the Bryn-Alan manager that she was Nicole's mother and that she wanted Nicole to wear the shirt and tie instead.

25. The Bryn-Alan manager told Nicole and her mother that if they got a note from Robinson High School allowing Nicole to wear the shirt and tie, they would take her picture wearing that attire.

26. After returning home, Sonia contacted Mr. Fyfe, the Robinson High School Vice Principal, to request a letter permitting Nicole to have her senior portrait taken wearing the shirt and tie.

27. After consulting with the principal, Mr. Fyfe informed Ms. Youngblood that if Nicole wanted to have her senior portrait appear in the yearbook along with the other seniors, she had to wear the drape.

28. Mr. Fyfe further stated that if Nicole wanted to have her picture appear in the yearbook wearing a shirt and tie, she would have to purchase her own photography sitting, purchase an advertisement in the yearbook, and have the photograph placed in the back of the yearbook along with the other advertisements.

29. Nicole knows of at least one female student at Robinson High School who is currently a sophomore who has stated that she also wishes to appear in her senior yearbook in the attire currently designated for boys only.

30. Nicole completed her senior year at Robinson High School, which is part of the Hillsborough County School system, in December 2001.

31. Nicole and her mother thought it was inappropriate and discriminatory for the school to only allow Nicole's picture to appear in the advertisement section of her senior yearbook. They also thought it was inappropriate and discriminatory for the school to require them to pay for her picture to appear in the yearbook. As a result, Nicole and her mother chose not to have Nicole's picture appear in the advertising

section and, therefore, Nicole's senior portrait did not appear in her senior yearbook. In fact, Nicole's name is not even listed in the yearbook index.

32. Nicole chose to graduate early, in December 2001, due in large part to the discrimination she experienced with regard to her senior portrait, the attitude of the principal and school administrators handling her complaint, and the on-going harassment from other students directed at her because she is perceived to be gender non-conforming.

33. As a direct and proximate result of Defendants' discriminatory senior portrait policy or custom, Nicole was deprived of the opportunity to appear along side her classmates in her senior yearbook and suffered emotional harm as a result.

### Count One – School Board, HCSD, and the Individual Defendants in their official capacity
### Title IX, 20 U.S.C. §§ 1681-1688; U.S.C. § 1983

34. The Plaintiff incorporates by reference paragraphs 1-33 of the Complaint as if fully set forth herein.

35. Defendants' actions as described above have discriminated against Nicole on the basis of sex in violation of Title IX of the Education Amendment Acts of 1972, 20 U.S.C. §§ 1681 - 1688.

### Count Two – School Board, HCSD, and the Individual Defendants in their official capacity
### Florida Educational Equity Act, Fl. Stat. § 228.2001

36. Plaintiff incorporates paragraphs 1-33 of the Complaint as if fully set forth herein.

37. Defendants' actions as described above have discriminated against Nicole on the basis of sex in violation of the Florida Educational Equity Act, Fl. Stat. § 228.2001.

### Count Three - All Defendants
### First Amendment to U.S. Constitution; U.S.C. § 1983

38.  The Plaintiff incorporates paragraphs 1-33 of the Complaint as if fully set forth herein.

39. Defendants' actions as described above violate Plaintiff's right to free expression as guaranteed by the First Amendment of the United States Constitution.

### Count Four – School Board, HCSD, and the Individual Defendants in their official capacity
### Article I, Section 4 of Florida Constitution

40.  The Plaintiff incorporates paragraphs 1-33 of the Complaint as if fully set forth herein.

41.  Defendants' actions as described above violate Plaintiff's right to free expression as guaranteed by Article I, Section 4 of the Florida Constitution.

### Count Five - All Defendants
### Fourteenth Amendment to U.S. Constitution; 42 U.S.C. § 1983

42.  The Plaintiff incorporates paragraphs 1-33 of the Complaint as if fully set forth herein.

43.  Defendants' actions as described above violate Plaintiff's right to equal protection as guaranteed by the Fourteenth Amendment of the United States Constitution.

### Count Six – School Board, HCSD, and the Individual Defendants in their official capacity
### Article I, Section 2 of Florida Constitution

44.  The Plaintiff incorporates paragraphs 1-33 of the Complaint as if fully set forth herein.

45.  Defendants' actions as described above violate Plaintiff's Basic Rights as guaranteed by Article I, Section 2 of the Florida Constitution.

## Prayer for Relief

46.  WHEREFORE, premises considered, Plaintiff Nicole Youngblood, by and through her next friend Sonia Youngblood, prays for the following relief:

(a)  an award of compensatory damages against all Defendants;

(b)  an award of punitive damages against individual Defendants acting in their individual capacity;

(b)  an award of costs and attorneys' fees and other relief authorized by law; and

(c)  such other relief as this Court may deem appropriate.

## Jury Demand

47.  Pursuant to Fed. R. Civ. P. 38(b), the plaintiffs demand a trial by jury of all issues so triable as of right.

DATE: June 19th, 2002

Respectfully submitted,

KAREN M. DOERING
Florida Bar No. 0060879
SHANNON MINTER
California Bar No. 168907
COURTNEY JOSLIN
California Bar No. 202103
NATIONAL CENTER FOR LESBIAN RIGHTS
3708 W. Swann Avenue
Tampa, FL 33609-4522
813/873-2357
Fax: 813/873-2358

MARK R. BROWN
Kentucky Bar No. 08295
1401 – 61st Street South
St. Petersburg, FL 33707

By: /s/ Karen M. Doering
Karen M. Doering
Fla. Bar No. 060879